UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>WILLIAM MUHAMMAD,<br><br>      Defendant. | CASE NO. CR20-0156 RSM<br><br>ORDER |

## I. INTRODUCTION

Before the Court are Defendant William Muhammad's Motion for Compassionate Release and for Appointment of Counsel (Dkt. #367), Plaintiff United States of America (the "Government")'s Motion for Leave to File Over-Length Motions and Briefs (Dkt. #385), and the Government's Motion to Seal (Dkt. #387).

Mr. Muhammad requests that the Court reduce his sentence, or alternatively sentence him to home confinement, due to inadequate medical care and intolerable conditions at FCI Sheridan and that given the complexity of his motion he be appointed counsel. *See* Dkt. #367. The Government opposes Mr. Muhammad's motion (Dkt. #386).[1]  On August 18, 2022, the Court

---

[1] The Government's unopposed Motion for Leave to File Over-Length Motions and Briefs (Dkt. #385), and its unopposed Motion to Seal (Dkt. #387), are GRANTED.

ORDER - 1

granted Mr. Muhammad's motion for extension of time to file a reply in support of his Motion, setting a deadline for September 6, 2022. Dkt. #375. Mr. Muhammad never filed a reply. Having considered the Motion, the Government's Response, and the remainder of the record, the Court DENIES Mr. Muhammad's Motion for Compassionate Release and for Appointment of Counsel.

## II. BACKGROUND

On September 17, 2020, a grand jury in the Western District of Washington returned an Indictment charging nine defendants, including Mr. Muhammad, with Bank Fraud and Aggravated Identity Theft. Dkt. #20. On August 23, 2021, Mr. Muhammad pled guilty to one count of Bank Fraud. *Id.* As part of that plea agreement, the Government agreed to dismiss the Aggravated Identity Theft charge, which would have required a mandatory two-year sentence to be run consecutive to any other sentence imposed. *Id.*

On April 7, 2022, the Court sentenced Mr. Muhammad to 21 months' imprisonment. Dkt. #319. Mr. Muhammad self-surrendered to the Bureau of Prisons ("BOP") on May 31, 2022. He is currently scheduled to be released from custody on November 14, 2023.

Mr. Muhammad moves for compassionate release under 18 U.S.C. § 3582(c). Dkt. #357 at 5. Mr. Muhammad alleges that prior to self-surrendering to FCI Sheridan he had an MRI[2] scheduled for a shoulder injury but was unable to attend the appointment when he was arrested the day prior. Dkt. #367 at 10. He alleges that during custody he has only seen by medical staff once, which was during intake. *Id.* He fears his shoulder will get worse if he needs surgery, which he claims cannot be ascertained unless he receives an MRI. *Id.* Mr. Muhammad's medical records indicate he has in fact been seen by medical staff on two occasions, May 31, 2022, and June 7,

---

[2] Mr. Muhammad refers to his shoulder procedure as an "MRT." The Government states that it is unaware of any medical procedure referred to as a "MRT", and believes that Mr. Muhammad is referring to an MRI. Dkt. #386 at 7, n.3. The Court agrees and proceeds accordingly.

2022, and did not report any current painful conditions. Dkt. #388 (sealed) at 5, 18. Mr. Muhammad also claims that he has not had commissary access and therefore cannot purchase over-the-counter medication for a rash. Dkt. #367 at 10. Mr. Muhammad's medical records do not indicate him having a rash at either the May 31 or June 7 visits. Dkt. #388 (sealed) at 6, 19. Finally, Mr. Muhammad argues that conditions at FCI Sheridan including timers on the cell toilets cause a foul odor, a lockdown on June 30, 2022, and that BOP's alleged inability to meet his "education or vocational needs" warrant release. Dkt. #367 at 6–7.

The Government argues that Mr. Muhammad has not established extraordinary and compelling circumstances warranting a reduction in his sentence and, even if he has, he cannot demonstrate that the sentencing factors in 18 U.S.C. § 3553(a) warrant release. Dkt. #386 at 4–13.

### III.   DISCUSSION

A court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's relevant policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The statute also directs a court to consider the 18 U.S.C. § 3553(a) factors in deciding whether compassionate release is appropriate. 18 U.S.C. § 3582(c)(1)(A). Taken together, the policy statement and 18 U.S.C. § 3582(c)(1)(A) establish three requirements that must be satisfied before reducing a defendant's sentence: extraordinary and compelling reasons must warrant release, a defendant cannot represent a danger to the community

upon release, and any reduction in the defendant's sentence must be consistent with 18 U.S.C. § 3553(a).[3] *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. The defendant bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

Medical conditions may represent extraordinary and compelling reasons if an inmate "suffer[s] from a serious physical or medical condition ... that substantially diminishes the [defendant's] ability ... to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1(A). "Chronic but manageable medical conditions alone do not constitute extraordinary and compelling circumstances." *United States v. Miller*, No. 15-CR-00471-CRB-1, 2021 WL 2711728, at *4 (N.D. Cal. July 1, 2021).

Here, the record reflects that Mr. Muhammad's medical conditions are seemingly mild and manageable. First, the Court has no evidence before it suggesting Mr. Muhammad's shoulder injury cannot be managed or that his ability to administer self-care is substantially diminished. As the Government notes, Mr. Muhammad does not complain of shoulder pain or that he is unable to use his shoulder or arm. Dkt. #386 at 7. His medical records corroborate this. Mr. Muhammad's medical records indicate he has been seen by medical staff twice during his time at FCI Sheridan (less than four months now), contradicting his allegation that he has only been seen once. *Cf.* Dkt. #388 (sealed) at at 5 and 18, *with* Dkt. #367 at 10. Records from both visits list "denied" next to "Current Painful Condition," indicating Mr. Muhammad did not complain of any current painful

---

[3] As a threshold matter, a defendant must also demonstrate that he has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). *See United States v. Van Sickle*, 2020 WL 2219496, slip op. at 3 (W.D. Wash. 2020). Specifically, a defendant must show that he exhausted administrative remedies or waited 30 days after filing a request with the warden before filing the instant motion. *Id.* Mr. Muhammad has made this showing. (*See* Dkt. #385 at 2).

ORDER - 4

conditions to medical staff during either of these appointments. Dkt. #388 (sealed) at 5 and 18. That Mr. Muhammad has not yet been able to schedule an MRI does not warrant compassionate release. *See United States v. Rollness*, No. CR06- 041RSL, 2021 WL 4476920, at *6 (W.D. Wash. Sept. 30, 2021) (denying relief after noting that "[a]lthough BOP records reflect that there is often a delay between defendant's request for medical services and treatment, the Court does not find that defendant's medical conditions substantially diminish his ability to provide self-care, nor do they otherwise amount to extraordinary and compelling circumstances."). Second, Mr. Muhammad's inability to access the commissary to purchase over-the-counter medication for his rash does not constitute an extraordinary or compelling circumstance warranting a reduction in his sentence or release. That his rash is manageable by over-the-counter medication alone indicates his rash is not a "serious physical or mental condition" warranting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1(A).[4]

"[G]eneral conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release." *United States v. Bolden*, No. CR16-0320RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020); *United States v. Thomas*, No. 3:17-CR-00051-SLG, 2021 WL 3924724, at *2 (D. Alaska Sept. 1, 2021) ("[E]very BOP inmate—and in fact nearly every incarcerated person—has experienced limitations on their ability to communicate, exercise, gain an education, and receive job skills training during the COVID-19 pandemic. Conditions that are shared by nearly every inmate in the country are not "extraordinary and compelling," and the restrictions Mr. Thomas is subject to are in no way unique to him."). Courts have also rejected generalized claims "that [a defendant's] period of

---

[4] Mr. Muhammad's records also list "No" next to "Signs of Rash" from both FCI Sheridan medical visits. Dkt. #388 (sealed) at 6 and 19. Mr. Muhammad has not clarified when his rash began in his motion and has failed to reply to the Government's Response.

ORDER - 5

incarceration, served during the time of Bureau of Prisons' COVID-19 restrictions, has presented harsher punishment and made this past year more difficult." *See United States v. Suryan*, No. 2:19-CR-00082-RAJ, 2021 WL 3510423, at *3 (W.D. Wash. Aug. 10, 2021) (stating that BOP lockdown "conditions, while challenging, do not present an extraordinary and compelling reason to warrant his early release"); *United States v. Becerra*, Case No. 17cr1465-LAB, 2021 WL 461699, at *2 (S.D. Cal. Feb. 8, 2021) ("The inconvenience caused by extended lockdown is not an 'extraordinary and compelling reason.'").

Here, while the Court is sympathetic to Mr. Muhammad's conditions of confinement at FCI Sheridan, this is a generalized claim that every inmate who has been in custody could assert and is not unique to Mr. Muhammad. Accordingly, the court finds that Mr. Muhammad's conditions of confinement do not constitute "extraordinary and compelling" circumstances warranting a reduction in sentence. *See Suryan*, 2021 WL 3510423, at *3.

Having determined that Mr. Muhammad has not made the requisite showing of "extraordinary and compelling reasons" for compassionate release, the Court need not analyze whether a reduction in Mr. Muhammad's sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statement issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Muhammad's motion for compassionate release is DENIED without prejudice.

Mr. Muhammad also seeks appointment of counsel. However, Mr. Muhammad still has an appointed public defender. His motion is, therefore, denied as moot. Either Mr. Muhammad or his counsel may file a renewed motion for compassionate release at their discretion.

//

//

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

(1) Defendant's Motion for Compassionate Release (Dkt. #367) is DENIED without prejudice;

(2) The Government's Motion for Leave to File Over-Length Motions and Briefs (Dkt. #385) is GRANTED;

(3) The Government's Motion to Seal (Dkt. #387) is GRANTED.


IT IS SO ORDERED.

DATED this 8th day of September, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE